UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

CHAPTER 11

In Re:  CHRISTOS KOKALAS
and SOPHIA MERKOURIS

CASE NO. 10-43781
HON.  WALTER SHAPERO

    Debtors                                     /

**SECOND AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT**

ARTICLE I

**DEFINITIONS**

   Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by the Court, and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been raised within any applicable period of limitation or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding is pending.

   Allowed Interest shall mean an Interest (a) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by the Court or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007, and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been raised within any applicable period of limitation, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

   Claim shall have the meaning as set forth in 11 USC Sec. 101 and include any right to payment, or right to an equitable remedy for reach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or as of the Petition Date, whether such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, nmatured, disputed, undisputed, legal, secured or unsecured.

Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set off, as the case may be.

Allowed Undersecured Claim shall mean the difference between a creditor's Allowed Claim less such creditor's Allowed Secured Claim, and for which no lien, security interest or other charge against or interest in property in which the Debtor has an interest is held.

Allowed Unsecured Claim shall mean the Allowed Claim of a creditor for goods or services to Debtor before Debtor's filing this Chapter 11 case, which is not secured by lien, security interest or other charge against property of the estate, or subject to set off pursuant to Section 553 of the Code. This definition may include underclaims. This definition shall not include tax claims given priority status.

Class shall mean any class into which allowed Claims are classified.

Code shall mean the Bankruptcy Code, 11 USC 101 et. seq., and any amendments thereto.

Confirmation Date shall mean the date upon which the Order of Confirmation or the Alternative Plan is entered by the Court.

Court shall mean the United States Bankruptcy Court for the State, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

Debtor shall mean CHRISTOS KOKALAS and SOPHIA MERKOURIS.

Creditor shall mean any person or its assignee that holds a claim against the Debtor for debts, liabilities, or demand of whatever kind or character which arose prior to the Petition Date.

Effective Date shall be that date upon which the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code becomes final and nonappealable, or in the event of appeal, such date as the Court may set pursuant to a motion for stay of proceedings, which Debtor shall be required to file and prosecute.

Final Order shall mean an order or a judgment of the Court which has not been stayed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

Person or Persons shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof or other entity.

Petition Date shall mean the date on which the Debtor filed a voluntary Chapter 11 Petition with the Court.

Plan shall mean this Chapter 11 Plan of Reorganization in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the Code.

Rules shall mean the Bankruptcy Rules and the local Bankruptcy Rules as adopted by the Court.

Distribution Account shall mean the consideration to be distributed to holders of Alowed Claims, and any account into which such consideration has been deposited.

Pro Rata shall mean proportionately or according to a certain rate percentage or proportion based upon the whole of Allowed Claims in any given Class.

## ARTICLE II
## ADMINISTRATIVE AND PRIORITY CREDITORS

The administrative **expenses** of the Debtor's Chapter ll case allowed pursuant to Section 503 (b) of the Code and each Allowed Claim entitled to priority pursuant to section 507(a) (1) through (9), as applicable, shall be paid in full on or before the Effective Date unless otherwise ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such allowed expense or Allowed Claim and the Debtor. Where required by the Code and upon approval by the Court, Debtor shall pay all administrative expenses on a current basis. These claims shall be unimpaired.

## ARTICLE III
## **DESIGNATION OF CLASSES OF CLAIMS AND INTEREST**

Each priority creditor which has filed a valid priority claim shall be separately classified in accordance with 11 USC 507. Classes shall be set forth in accordance with their priority in the Code. All such claims are to be paid without impairment on or before the Effective Date of the Plan.

-3-

10-43781-wsd    Doc 32    Filed 07/13/10    Entered 07/13/10 12:29:58    Page 3 of 13

## A. NON-VOTING CLASSES

A. <u>Non-Voting C1ass. I. Administrative Claims</u> puruant to 11 <u>USC 507 (a) (1)</u>. This class win consist of Debtors' attorney fees, and the U.S.Trustee for any remaining fees.

B. <u>Non-Voting Class II – priority tax claims.</u> All tax claims entitled to priority under Sec. 507 (a) (8) of the Bankruptcy Code. There have been no claims filed entitled to priority under 11 USC 507.

C. <u>Non-Voting Class III Executory Contract</u>
This class consists of Flora Merkouris, mother of Debtor-wife. A lease for a 2010 Town & Country was signed by her, for Debtors benefit, on which the Debtors continue to make the payment.

## B. VOTING CLASSES

<u>Voting Class I - Secured Creditors</u> All secured creditors with perfected security interests in the assets of the Debtor's estate, as more particularly described in Section 506(a). A class of secured debt cannot generally consist of more than one creditor, as in the usual case, each creditor has a lien of a different priority, on different assets, or containing different terms. Accordingly, in most circumstances, each secured creditor will be listed in a separate class.

<u>Voting Class II Unsecured Claims</u>. All unsecured claims of every nature and kind including, but not limited to, claims arising out of the rejection of executory contracts and all claims resulting from an under-secured status.

<u>CLASSIFICATION</u>

<u>Non-Voting Class I Administrative Claims</u>. The administrative claims are delineated as follows:

1. Kurt O'Keefe, the attorney for the Debtor, will have an administrative claim of

-4-

approximating $8,726.00, equal to the retainer already paid.
   Any additional fees are subject to Court approval, none are anticipated.

2. The United States Trustee's Office will have an administrative claim for any unpaid fees due and owing through the course of administration. All fees have been paid on a current basis.

The administrative claims shall be paid pursuant to the Bankruptcy Code, that is, within 10 days of confirmation, unless the administrative claimants agree to differing treatment with the Debtors.

<u>Non-Voting Class II - Priority Tax Claims.</u>.

None.

<u>Voting Class I Secured Creditors</u>. This class consists of the following claimants:

IA. CAPITAL ONE AUTO FINANCE
   This claim is secured by a 2009 Chevy. The payment is current and will continue to be paid by Debtors.
   This class is not impaired.
   **This payment is included in Debtors' projected expenses, and not included as a plan payment.**

IB. CITIMORTGAGE
   This claim is secured by a first mortgage on Debtor's residence at 7277 Vista Road, Utica MI.
   This claim is current and will continue to be timely made by Debtors.
   This class is not impaired.
   **This payment is included in Debtors' projected expenses, and not included as a plan payment.**

-5-

IC. CITIBANK

This claim is secured by a second mortgage on Debtors' residence.

This ongoing monthly payments will continue to be timely made by Debtors.

**This payment is included in Debtors' projected expenses, and not included as a plan payment.**

**The arrearage of $1,758.06 will be paid pro rata, no interest, with the Macomb County property tax claim.**

**This amounts to $75.25 for the first 12 months, and then $86.00 for the next 10 months.**

This class is impaired.


IF. MACOMB COUNTY

This property tax claim of $2,171.61 is secured by Debtors' residence.

This claim shall be paid in full, with 5% interest, from the Debtors' monthly plan payments.

**This claim shall be paid pro rata with the Citibank arrearage claim, $99.75 per month for the first 12 months, then $114.00 for the next ten months.**

This Class is impaired.

CLASSS II  UNSECURED CLAIMS

Debtor reserves the right to object to unsecured claims until 30 days after confirmation.

This Class shall be paid the remainder of Debtors' payments, after the Macomb County secured claim is paid in full.

Creditors shall receive their pro rata share according to the amount of their allowed claim.

**Payments will begin in the 23rd month of the plan, $200.00 per month for 26 months, then $59.00 per month for 12 months.**

This Class is impaired.

-6-

## PLAN PAYMENTS

Monthly payments, due the first of the month, will commence on the first day of the first complete month after confirmation and continue for 60 months.

The payment commencement date is anticipated to be September 1, 2010.

Payments will be $175.00 per month for the first 12 months, $200.00 per month for the next 36 months, and $59.00 per month for the final 12 months.

## DEBTORS' COMBINED PLAN AND DISCLOSURE STATEMENT

### A.

CHRISTOS KOKALAS and SOPHIA MERKOURIS are individuals, married to each other.

Mr. Kokalas is still employed by IBM; Ms. Merkouris lost her high paying job and is self-employed selling clothing.

### B. DESCRIPTION OF PRINCIPAL

Mr. Kokalas has worked at IBM for nine years, and expects and hopes that his employment continues.

Ms. Merkouris just started selling clothing, in a tupperware/Mary Kay kind of business. She demonstrates the items at people's homes, and takes orders, being paid a commission.

### C. DESCRIPTION OF THE DEBTOR'S BUSINESS

Debtors' financial problems are due to the loss of Ms. Merkouris' $165,000 per year job in December, 2008.

They used up much of their savings making payments to, and negotiating with, their creditors before filing bankruptcy to avoid wage garnishments on Mr. Kokalas' check.

### POST-PETITION EVENTS OF SIGNIFICANCE

Debtors have submitted a default judgment on a lien strip adversary complaint that will get rid of the third mortgage on their home.

That will enable them to afford to keep the home, by continuing to make the first two mortgage payments.

### TRANSFERS

There have been no post-petition transfers outside the ordinary course of business.

-7-

## CASH COLLATERAL AND POST-PEITION FINANCING
No issues in either of these categories.

## ADEQUATE PROTECTION ORDERS
None requested or issued.

## LITIGATION
There has been an adversary proceeding filed by the debtors to strip off the third mortgage lien on their home.
Debtors will receive a default judgment.

### LIQUIDATION ANALYSIS

| ASSETS AND COLLATERAL | CREDITOR HOLDING LIEN | MARKET VALUE | FORCED SALE VALUE | AMOUNT OF SECURED CLAIM | EQUITY | COMMENTS |
|---|---|---|---|---|---|---|
| MISCELLANEOUS FURNITURE, ET CET | N/A | $5,000 | 2,000 | 0 | 2,000 | EXEMPT |
| CLOTHING | N/A | $4,000 | 1,000 | 0 | 1,000 | EXEMPT |
| REAL ESTATE | CITIMORTGAGE and CITIBANK | $330,000 | 250,000 | 390,582.90 | 0 | |
| BANK ACCOUNTS | N/A | 1,300 | 1,300 | 0 | 1,300 | EXEMPT |
| JEWELRY | N/A | 1,200 | 1,200 | 0 | 1,200 | EXEMPT |
| STATE EDUCATION SAVINGS FOR CHILDREN | N/A | 21,700 | 21,700 | 0 | 21,700 | EXEMPT |
| AMERIPRISE IRA | N/A | 86,500 | 70,000 | 0 | 86,500 | EXEMPT |
| WIFE'S SECOND IRA | N/A | 105,500 | 80,000 | 0 | 105,500 | EXEMPT |

HUSBAND'S 401K (not property of the estate) 130,332

<u>DEBTOR ESTIMATES $000 NET IN A CHAPTER 7</u>

ADMINISTRATIVE EXPENSES:

**NONE ANTICIPATED**

PRIORITY CLAIMS

NONE

SECURED CLAIMS:

CAPITAL ACCEPTANCE  20,56.47 (LESS PAYMENTS MADE POST-PETITION)
PROBABLY A DEFICIENCY IF 2009 CHEVY, COLLATERAL, WERE SOLD

CITIMORTGAGE (1ST MTG)  297,107.90 (LESS PAYMENTS MADE POST-PETITION)
MACOMB COUNTY PROPERTY TAX  2,171.61
VALUE OF HOME SHOULD COVER THESE CLAIMS

-8-

CITIBANK (2ND MTG)          93,475.00 (LESS PAYMENTS MADE POST-PETITION)
NOT ENOUGH EQUITY IN THE HOME TO COMPLETELY PAY THE SECOND MORTGAGE

AVAILABLE ON LIQUIDATION AFTER EXEMPTIONS          0.,00

No formal appraisals have been undertaken of the Debtor's property, other than the residence. The values above are Debtor's best estimates of the value.

## FINANCIAL PROJECTIONS

Debtor's financial projections for five years, pre-petition from January 1, 2008, and a summary of the financial reports filed during the pendency of the cae, are attached as an exhibit hereto.

## POTENTIAL CLAIMS

None.

## ADMINISTRATIVE CLAIMS

Debtor is current, and will remain so, in payments due to the U. S. Trustee.

No attorney fees are expected beyond the retainer already paid of $8,726.00.

## PRIORITY CLAIMS

None.

## NON-PRIORITY UNSECURED CLAIMS

Including undersecured claims of approximately $270,429.51 all non-priority unsecured claims total $834,877.51.

## SECURED CLAIMS

| CAPITAL ACCEPTANCE 2009 CHEVY | 20,56.47 (LESS PAYMENTS MADE POST-PETITION) |
| --- | --- |
| CITIMORTGAGE (1ST MTG) | 297,107.90 (LESS PAYMENTS MADE POST-PETITION) |
| CITIBANK (2ND MTG) | 93,475.00 (LESS PAYMENTS MADE POST-PETITION) |
| MACOMB COUNTY PROPERTY TAX | 2,095.53 |

-9-

## EXECUTORY CONTRACTS

Debtors make the lease payment on the 2010 Town & Country lease signed by Debtor wife's mother.

## GUARANTEED DEBT

Debtor is an individual, personally liable for all the debt. There are no other existing entities liable on any of the debts.

-9-

## DETAILS REGARDING IMPLEMENTATION OF THE PLAN

Debtors will make monthly payments, per their financial projections, for five years.

After the Macomb County property tax claim is paid in full, the unsecured creditors will divide the rest of the payments pro rata, according to the amount of their respective claims.

## TAX CONSEQUENCES

There are no tax consequences if the plan is confirmed, as discharge in Chapter 11 does not result in income to the Debtor per IRC section 108.

## LEGAL REQUIREMENTS

*A.    Voting procedures*

*Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes of claims, or equity interest, that are impaired under the plan. Accordingly, classes of claims or interests that are not impaired are ~ entitled to vote on the plan.*

*Creditors that hold claims in more than one impaired class are entitled to vole separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots.*

*Voles on the plan will be counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities <u>other</u> than as disputed, contingent or unliquidated;or (b,)for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or which are allowed by Court order). However, any vote by a holder of a claim will not be counted ~such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim*

*for voting purposes pursuant loll US.C.* § *502 and Bankruptcy Rule 3018.*

*Voting on the plan by each holder of a claim or interest in an impaired class is*

-10-

*important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the plan, and then return the ballot by mail to the debtor's attorney by the deadline previously established by the court.*

*Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.*

*A ballot that is not received by the deadline will not be counted.*
*If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to the debtor's attorney.*

B.  Acceptance

*The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than one-half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.*

C.  Confirmation

*11 US. C. § ll29(a) establishes conditions for the confirmation of a plan~ These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.*

*Among the several conditions for confirmation of a plan under 11 US.C. § l¹29(a) are these:*
1.  *Each class of impaired creditors and interest must accept the plan, as described in paragraph VIB., above.*
2.  *<u>Either</u> each holder of a claim or interest in a class must accept the plan, ~ the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.*

D.  Modification

*The debtor reserves the right to modjfy or withdraw the plan a! any lime before confirmation.*

E.  Effect of confirmation

*If the plan is confirmed by the Court:*
1.  *Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.*
2.  *Except as provided in the plan:*

-11-

*(a)   In the case of a <u>corporation</u> that is reorganizing and continuing business:*
   *(1)   All claims and interests will be discharged.*
   *(2)   Creditors and shareholders will be prohibited from asserting their claims against or interest in the debtor or its assets.*
*(b)   In the case of a <u>corporation</u> that is liquidating and not continuing its business:*
   *(1)   Claims and interests will not be discharged.*
   *(2)   Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.*
*(c)   In the case of an individual or husband and wjfe:*
   *(1)   Claims will be discharged, except as provided in 11 US. C. §~ 523 and 727(a).*
      *(2)   Creditors will be prohibited from asserting their claims except as to those debts which are not discharged or dischargeable under 11 US.C. §S 523 and 72 7(a).*

   *See Part II-A of this Disclosure Statement to determine which of the above paragraphs applies in this case.*


JULY 10, 2100

<u>/s/ Kurt O'Keefe</u>
Kurt O'Keefe
Attorney for Debtor
1593 Torrey Road
G. P. Woods MI 48236
313-962-4630
www.stopcreditor.com
koklaw@gmail.com

-12-